STATE OF CONNECTICUT *v.* PATRICK S. WRIGHT
(AC 29018)

McLachlan, Gruendel and Borden, Js.

Argued September 12—officially released November 25, 2008

*Glenn W. Falk*, special public defender, with whom, on the brief, was *Caitlin McCann*, law student intern, for the appellant (defendant).

*Robin S. Schwartz*, assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, and *Catherine Brannelly Austin*, senior assistant state's attorney, for the appellee (state).

*Opinion*

BORDEN, J. The defendant, Patrick S. Wright, appeals from the judgment of conviction, rendered after a jury trial, of interfering with an officer in violation of General Statutes § 53a-167a (a). The defendant claims that the trial court improperly instructed the jury regarding a theory of criminal liability for which no evidence had been introduced at trial. We affirm the judgment of the trial court.

The defendant was charged under two informations with: (1) two counts of interfering with an officer in

violation of § 53a-167a (a);[1] (2) one count of breach of the peace in the second degree in violation of General Statutes § 53a-181 (a) (1);[2] and (3) one count of breach of the peace in the second degree in violation of § 53a-181 (a) (3).[3] The court granted the defendant's motion for a judgment of acquittal on the first count of breach of the peace in the second degree in violation of § 53a-181 (a) (1). The jury found the defendant not guilty of one count of interfering with an officer and of the second count of breach of the peace in the second degree in violation of § 53a-181 (a) (3). The jury found the defendant guilty of one count of interfering with an officer in violation of § 53a-167a (a). The court rendered judgment of conviction accordingly.

The jury reasonably could have found the following facts. On Saturday, January 21, 2006, the defendant attended a party at 6 Sunfield Circle in Waterbury. The party extended into the early morning of Sunday, January 22, 2006, and at approximately 3 a.m., a neighbor called the police, complaining about the loud music he heard coming from the party. In response to the call, officers from the Waterbury police department were dispatched to 6 Sunfield Circle. While there, the officers placed the defendant under arrest.

---

[1] General Statutes § 53a-167a (a) provides in relevant part: "A person is guilty of interfering with an officer when such person obstructs, resists, hinders or endangers any peace officer . . . in the performance of such peace officer's . . . duties."

[2] General Statutes § 53a-181 (a) provides in relevant part: "A person is guilty of breach of the peace in the second degree when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, such person: (1) Engages in fighting or in violent, tumultuous or threatening behavior in a public place . . . ."

[3] General Statutes § 53a-181 (a) provides in relevant part: "A person is guilty of breach of the peace in the second degree when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, such person . . . (3) threatens to commit any crime against another person . . . ."

The defendant was turned over to Officer Yolanda Martinez and Officer Michael Allen for transport to the Waterbury police station. Before putting the defendant in a police vehicle, Martinez performed a routine pat-down search on him.

Once at the Waterbury police station, the defendant was escorted by Martinez and Allen to Officer Brian DiStefano for booking. Throughout his transport and delivery to DiStefano, the defendant appeared intoxicated and was belligerent: his speech was slurred, he smelled of alcohol, he staggered and he continuously yelled obscenities such as, "fuck you, you're a bitch," "I'm going to fuck up a cop," and, "I'll fuck you up."

When asked to face a wall by DiStefano so that the officer could safely remove the defendant's handcuffs pursuant to standard booking procedures, the defendant repeatedly turned around to look at Martinez, at the same time yelling, "fuck you," "you can't arrest me," and, "I'll fuck you up." Eventually, the defendant complied with DiStefano's orders to face the wall, but as soon as DiStefano removed the defendant's right handcuff, the defendant turned away from the wall and swung his free arm at DiStefano. DiStefano quickly caught the defendant's free arm and brought him to the ground. The defendant was immediately put into the closest holding cell.

In one information, the defendant was charged with interfering with an officer in violation of § 53a-167a (a) and breach of the peace in the second degree in violation of § 53a-181 (a) (1), relating to his conduct at 6 Sunfield Circle. In a separate information, the defendant was also charged with interfering with an officer in violation of § 53a-167a (a) and breach of the peace in the second degree in violation of § 53a-181 (a) (3) in connection with his actions at the police station. The two informations were consolidated for trial.

After the state presented its case, the court granted the defendant's motion for a judgment of acquittal on the breach of the peace charge relating to the defendant's conduct at 6 Sunfield Circle. The jury thereafter found the defendant not guilty of interfering with an officer in connection with his actions at 6 Sunfield Circle and breach of the peace in relation to his conduct at the police station. The jury found the defendant guilty, however, on the charge of interfering with an officer in connection with his actions at the police station. The defendant was sentenced to a term of one year imprisonment, execution suspended after six months, followed by three years probation. This appeal followed.

The defendant claims that the court deprived him of his right to a fair trial by instructing the jury on a theory of sexual assault in relation to one of the charges of breach of the peace, namely, breach of the peace in the second degree in violation of § 53a-181 (a) (3), because no evidence regarding sexual assault was introduced at trial. He asserts that the instruction undermined his defense to the charge of interfering with an officer.

The following procedural history is necessary to understand the defendant's claim. Before jury selection, the court asked the state to give its theory of the case so that the court could begin to prepare its jury instructions. While discussing the second breach of the peace charge in violation of § 53a-181 (a) (3), the court noted that the state was required to prove that the defendant had threatened to commit a crime against another person and asked the state what crime it claimed he had threatened to commit under that statute. The state responded that it was unclear to the state whether, when the defendant was yelling at Martinez during the booking process, his repeated use of the phrases, "fuck you," and, "fuck you up," was a threat of a sexual assault in violation of General Statutes § 53a-70 (a) (1) or a physical assault in violation of General Statutes § 53a-61. Accordingly, while instructing the jury regarding the

charge that alleged breach of the peace at the police station, the court instructed the jury that it could find the defendant guilty under either of two alternative theories, namely, that he threatened to cause physical injury to Martinez or that he threatened to use force to compel Martinez to have sexual intercourse with him.[4]

The defendant acknowledges that he was found not guilty of the charge for which the challenged instruction was given, namely, breach of the peace in the second degree at the police station, and he does not challenge any instruction regarding the only charge of which he

---

[4] The court instructed the jury as follows: "The next element the state must prove beyond a reasonable doubt is that the defendant threatened to commit any crime against another person. The state claims that the defendant threatened to commit the crime of assault or sexual assault against Officer Martinez.

"Assault in the third degree violates § 53a-61 of the Connecticut General Statutes, which provides as follows, quote, a person is guilty of assault in the third degree when, with intent to cause physical injury to another person, he causes such injury to such person, end quote. A person commits this crime when, one, he intends to cause physical injury to another, and, two, he causes such physical injury to that other person. I earlier defined for you what intent is and how you may go about determining whether it has been proven. Physical injury means impairment of physical condition or pain; that is, reduced ability to act as one would otherwise have acted, or pain. The law does not require that the injury be serious; it may be minor.

"With respect to the sexual assault, General Statutes § 53a-70 (a) (1) provides, quote, a person is guilty of sexual assault when such person compels another person to engage in sexual intercourse by the use of force against such other person. A person is guilty of sexual assault if, one, he compelled another person to engage in sexual intercourse, and, two, the sexual intercourse was accomplished by the use of force against the victim. Sexual intercourse means vaginal intercourse. Use of force means use of actual physical force or violence or superior physical strength against the victim.

"Of course, no one claims that the defendant actually assaulted Martinez, and the state does not have to prove that he did so. What the state must prove, however, and prove beyond a reasonable doubt, is that the defendant threatened to commit that crime, assault or sexual assault. Threaten means declaring an intention or determination to injure another person by the commission of the threatened crime. A threat imparts the expectation of bodily harm to one's person by the crime threatened, thereby inducing fear or apprehension."

was convicted, namely, interfering with an officer at the police station. Furthermore, the defendant acknowledges that he did not object in any way to the challenged instruction. Nonetheless, he seeks to prevail under *State v. Golding*, 213 Conn. 233, 567 A.2d 823 (1989),[5] on the theory that the court's allegedly improper instruction on a charge of which he was *found not guilty* undermined his defense to the one charge of which he was *convicted*.[6] We reject the defendant's claim.

It is axiomatic that the jury is presumed to understand and to have followed the court's instructions. *State v. Clark*, 264 Conn. 723, 734, 826 A.2d 128 (2003). The court instructed the jury as follows: "Each one of the three charges must be considered separately by you in determining whether or not the state has proved the defendant guilty beyond a reasonable doubt." There is nothing in the record to suggest that the jury was in any way confused or misled into misapplying an instruction that *was* given on one charge to a different charge on which the instruction *was not* given. The defendant cites no case, and we are not aware of any, that requires the reviewing court to reverse a conviction on constitutional grounds because of an allegedly improper instruction on a charge of which the defendant was found not guilty.

The defendant's reliance on *State v. Ciccio*, 77 Conn. App. 368, 823 A.2d 1233, cert. denied, 265 Conn. 905,

---

[5] Under *Golding*, "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of a constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail." (Emphasis in original.) *State v. Golding*, supra, 213 Conn. 239–40.

[6] The defendant's defense at trial to the charge of interfering with an officer was that he was sexually assaulted by Martinez when she performed the patdown search on him and that the reason he repeatedly turned away from the wall during booking was so that he could obtain Martinez' badge number in order to file a complaint.

831 A.2d 251 (2003), is misplaced. It is true that in *Ciccio* this court determined that it was error, albeit harmless, for the trial court to instruct the jury on a theory of criminal liability for which no evidence had been introduced. Id., 379. In that case, however, the defendant had been convicted of the crime for which the improper instruction had been given. It is not a case in which, like the present case, the alleged improper instruction had been given on a charge for which the defendant was found not guilty.

Furthermore, even if we were to consider whether the jury might have somehow transplanted the court's allegedly improper instruction on the breach of the peace charge into deliberations on the charge of interfering with an officer, the defendant could not prevail under *Golding* because the claimed error was not truly of constitutional dimension. When a court gives an instruction for alternative theories of liability, one of which was not supported by the evidence, there is no constitutional error because jurors are well equipped to evaluate the testimony presented and to assess whether the evidence adequately supports the charged theory of criminal liability. *State* v. *Chapman*, 229 Conn. 529, 539, 643 A.2d 1213 (1994) (en banc), citing *Griffin* v. *United States*, 502 U.S. 46, 59, 112 S. Ct. 466, 116 L. Ed. 2d 371 (1991); see also *State* v. *Owens*, 39 Conn. App. 45, 49–50, 663 A.2d 1108 (unpreserved claim regarding factually insufficient theory of culpability presented in alternative is not of constitutional magnitude and consequently fails on second prong of *Golding*), cert. denied, 235 Conn. 927, 667 A.2d 554 (1995).[7]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[7] The defendant also seeks to prevail on his claim under the plain error doctrine. See Practice Book § 60-5. Because we conclude that the defendant cannot prevail under *Golding*, and because we see no basis on which the defendant may prevail under the plain error doctrine, we reject his plain error claim.